IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHIRLEY ROBINSON,<br><br>                Plaintiff,<br><br>vs.<br><br>STEPHEN M. O'CONNOR, M.D.,<br><br>                Defendant. | 8:22CV202<br><br>ORDER TO SHOW CAUSE |

      This matter is before the Court *sua sponte* after review of the docket and the plaintiff's complaint (Filing No. 1) filed on June 6, 2022.

      The court has an independent obligation to determine whether subject matter jurisdiction exists in each case. See *Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affs.*, 439 F.3d 832, 836 (8th Cir. 2006). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "[C]onclusory allegations do not provide an adequate basis for determining this court's jurisdiction." *Jil McCorkindale v. Am. Home Assurance Co./A.I.C.*, 909 F. Supp. 646, 656 (N.D. Iowa 1995).

      A district court can attain subject-matter jurisdiction under federal question or diversity jurisdiction. See 28 U.S.C. §§ 1331-32. A district court's federal question jurisdiction extends to "all civil actions arising under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331. Diversity jurisdiction is limited to cases in which the "controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" See 28 U.S.C. § 1332(a). "[P]ro se complaints are to be construed liberally[.]" *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006).

      Here, construing the plaintiff's pleading liberally, the undersigned magistrate judge finds it fails to show any manner in which this court has a basis for jurisdiction. See 28 U.S.C. §§ 1331-32. First, although the plaintiff used this district's "Complaint for a Civil Case" form, the plaintiff did not complete section II regarding the basis for jurisdiction. However, based on the limited information before the Court, it appears diversity jurisdiction does not exist because the plaintiff

provided information indicating that both she and the defendant are located in Nebraska. See *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007)("Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship.").

Next, no federal cause of action or basis for federal jurisdiction is apparent from the plaintiff's pleading. The plaintiff did not fill out the Complaint form, but instead attached a letter in which she states she is "writing on behalf of my mom, Bonnie Orsi," who passed away from a cardiac event while receiving medical care at Bergan Mercy Hospital. (Filing No. 1-1 at p. 1). The plaintiff attached her mother's medical records to the letter and states, "The hospitals and doctors involved on this day obviously consider my mom as just another patient, a number, a dollar sign and nothing else" and seems to be seeking review of her mother's medical treatment the day she passed. After review of the documents provided by the plaintiff, and even liberally construing her pleadings, there is nothing to suggest the plaintiff has stated any federal cause of action or claim arising under the Constitution, laws, or treaties of the United States, as required by 28 U.S.C. § 1331. Therefore, it is not apparent that this court has subject matter jurisdiction. However, the Court will provide the plaintiff with an opportunity to show cause why this matter should not be summarily dismissed for lack of subject matter jurisdiction.[i]

Finally, the pleadings filed by the plaintiff generally reflect that she is attempting to file an action for negligent medical care resulting in the death of her mother, Bonnie Orsi. The Court has no documentation showing the plaintiff is the personal representative of her mother's estate, but even if she is, the plaintiff appears to be a non-lawyer and cannot represent her mother's legal interests. See, e.g., *Kelly v. Saint Francis Med. Ctr.*, 889 N.W.2d 613, 617 (Neb. 2017) (finding pro se wrongful death action filed by non-lawyer on behalf of the estate of her deceased relative against a hospital and doctor for negligent medical care was a nullity requiring dismissal); *Waite v. Carpenter, 326,* 496 N.W.2d 1, 4 (Neb. Ct. App. 1992) (finding wrongful death action for medical negligence brought by the non-lawyer personal representative of the estate was unauthorized practice of law; "one who seeks to represent the legal interests of the personal representative must be an attorney."). Pro se parties may not represent the interests of other parties. *Knight v. Phillips*, No. 8:21CV408, 2022 WL 542564, at *2 (D. Neb. Feb. 23, 2022) (citing *Miller By A.M. v. Dorsey*, No. 4:18CV3031, 2018 WL 4854180, at *3 (D. Neb. Oct. 5, 2018) (citing cases). Therefore, to the

extent the plaintiff is alleging claims on behalf of anyone or anything besides herself personally, she cannot do so as a non-lawyer. Accordingly,

**IT IS ORDERED** that the plaintiff shall have to **June 28, 2022**, to:

1) Show cause why this case should not be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure; and

2) Have licensed counsel enter an appearance on the plaintiff's behalf to the extent the plaintiff is raising claims on behalf of her mother's estate.

The failure to timely comply with this order will result in dismissal of this action without further notice.

Dated this 8th day of June, 2022.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

---

[i] However, based on the information before the Court, it is hard-pressed to conceive of facts that would supply this court with subject matter jurisdiction. Given that a 2-year statute of limitations generally applies to medical malpractice cases in Nebraska, it may be ill-advised for the plaintiff to continue wasting time pursuing an action in this forum when it clearly lacks subject matter jurisdiction.