IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHIRLEY ROBINSON,<br><br>Plaintiff,<br><br>vs.<br><br>M.D. STEPHEN M. O'CONNOR,<br><br>Defendant. | 8:22CV202<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATION** |

This case is before the Court on United States Magistrate Judge Michael D. Nelson's Findings and Recommendation. Filing 4. Judge Nelson recommends that this case be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. Filing 4 at 1. More specifically, Judge Nelson stated,

> The plaintiff filed a Complaint (Filing No. 1) on June 6, 2022, seeking damages for the allegedly negligent medical care provided by the defendant to her mother, Bonnie Orsi, who passed away from a cardiac event while receiving medical care at Bergan Mercy Hospital. Based on the Court's review of the plaintiff's pleadings, it did not appear the Court has subject matter jurisdiction over her claims and ordered her to show cause why this case should not be dismissed. (Filing No. 3). Specifically, the Court pointed out that based on the limited information before the Court, diversity jurisdiction does not exist because both the plaintiff and the defendant are located in Nebraska. The Court also found no federal cause of action or basis for federal court jurisdiction was apparent from the Complaint, which only alleges state law claims against a non-governmental defendant. Additionally, the Court found that the plaintiff, as a non-lawyer, cannot represent her deceased mother's legal interests. The Court provided the plaintiff until June 28, 2022, to have licensed counsel enter an appearance and to show cause why this case should not be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of

1

the Federal Rules of Civil Procedure. (Filing No. 3). Plaintiff did not respond to the show cause order. Accordingly, for the reasons outlined by the Court in its Order to Show Cause (Filing No. 3).

Filing 4 at 1. No objections to the Findings and Recommendations have been filed.

The applicable standard of review for a magistrate judge's findings and recommendation depends upon whether timely objections have been filed. As the Eighth Circuit Court of Appeals has explained, "When a party timely objects to a magistrate judge's report and recommendation, the district court is required to make a de novo review of the record related to the objections, which requires more than merely reviewing the report and recommendation." *Gonzales-Perez v. Harper*, 241 F.3d 633, 636 (8th Cir. 2001) (citing 28 U.S.C. § 636(b)(1), and *Jones v. Pillow*, 47 F.3d 251, 253 (8th Cir. 1995)). On the other hand, neither the applicable statute, rule, nor case law requires the Court to conduct a de novo review of a magistrate judge's findings and recommendation when no objections are filed. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985) (explaining that nothing in § 636(b)(1) requires a district judge to apply some lesser standard of review than de novo when no objections are filed). Nevertheless, the Court deems it prudent to review the Findings and Recommendation at least for clear error. *See, e.g., Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). This Court finds no such clear error here.

Judge Nelson was correct that, as relevant here, a federal court only has diversity jurisdiction over a case between "citizens of different States." 28 U.S.C. § 1332(a)(1). "[D]iversity

2

jurisdiction requires complete diversity, that is where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 839 (8th Cir. 2022) (internal quotation marks and citations omitted). No party has objected to Judge Nelson's conclusion that the plaintiff and the defendant are both located in Nebraska. Similarly, federal question jurisdiction only applies to cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As Judge Nelson correctly noted, the Complaint only alleges state law claims against a non-governmental defendant. Filing 1. Finally, Judge Nelson correctly found that, as a non-lawyer, plaintiff cannot represent her deceased mother's legal interests. *See, e.g., Kelly v. Saint Francis Med. Ctr.*, 889 N.W.2d 613, 617 (Neb. 2017) (finding a pro se wrongful death action filed by a non-lawyer on behalf of the estate of her deceased relative against a hospital and doctor for negligent medical care was a nullity requiring dismissal). The docket shows that Judge Nelson also correctly found that no counsel on plaintiff behalf entered an appearance by the deadline set in his Order to Show Cause. Filing 3 at 3.

Accordingly,

IT IS ORDERED that:

1. Magistrate Judge Michael D. Nelson's Findings and Recommendation, Filing 4, is adopted;

2. Plaintiff's Complaint, Filing 1, is dismissed in its entirety for lack of subject matter jurisdiction.

Dated this 12th day of August, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge